Mary A. Schanck, Executrix, etc., Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

The New York Dispensary, Respondent, *v.* The Same, Appellant.

Under the provision of the charter of the city of New York of 1873 (§ 18, chap. 335, Laws of 1873), prohibiting the common council of said city from taking or making a lease of any real estate or franchise " save at a reasonable rent and for a period not exceeding five years," it is for the common council to determine what is a reasonable rent; and mere error in judgment on its part, or a difference of opinion as to the rental value of property will not invalidate a lease : in the absence of fraud or collusion therefore the determination of the common council is conclusive.

(Argued April 19, 1877 ; decided April 27, 1877 )

Appeals from judgments of the General Term of the Supreme Court in the first judicial department, affirming judgments in favor of plaintiff, entered upon decisions of the court on trial without a jury. (Reported below, 10 Hun, 124.)

These actions were brought to recover rent reserved under and by written leases from the respective plaintiffs to the corporation of the city of New York, of certain premises in said city, each lease being for the term of five years.

The leases were authorized by resolution of the common council. The premises were used and occupied by the city. The defence in each case was that the rent reserved was not a reasonable one, as required by the charter of 1873 (§ 18, chap. 335, Laws of 1873), but was " grossly exorbitant." Defendant offered to prove upon the trial, by an expert, what was the reasonable rental value of the property. This was objected to and excluded, defendant duly excepting. Judgment was directed and perfected for the amount of rent reserved which was due and unpaid.

*A. J. Requier*, for the appellant. Municipal corporations have only such powers as are specifically granted by the act of incorporation, or as are necessary to carry out the powers expressly granted. (1 Dil. on Corps., § 55; *Head v. Ins. Co.*, 2 Cranch, 127; *Still v. Trustees, etc.*, 16 Barb., 112; *Halstead v. Mayor, etc.*, 3 N. Y., 433; *Boyland v. Mayor, etc.*, 1 Sandf., 30.) No contract unauthorized by law can be made which will bind the corporation. (*Albany v. Cunliff*, 2 N. Y., 165; *Martin v. Mayor, etc.*, 1 Hill, 543; *Boon v. Utica*, 2 Barb., 104; *Cornell v. Guilford*, 1 Den., 510; *Appleby v. Mayor, etc.*, 15 How., 430; *Donovan v. Mayor, etc.*, 33 N. Y., 292.)

*A. C. Brown*, for the respondents. The city charter recognizes the authority to lease real estate for the benefit of the city as one of the inherent powers of the common council. (Laws 1863, chap. 335, §§ 14, 18; *N. Y. & H. R. R. Co. v. Mayor*, 1 Hill, 562; *People ex rel. Lynch v. Aldermen*, 11 Abb., 289.) The leases were not void because the taking of them was *ultra vires*. (*Whitney Arms Co. v. Barlow*, 63 N. Y., 62.)

ALLEN, J. The common council of the city of New York have the power to lease lands belonging to the city, and to rent premises for city purposes, and the only limitation or qualification of the general power is imposed by § 18 of chap. 335 of the laws of 1873, enacting that they shall have no power to take or make a lease of any real estate or franchise save at a reasonable rent and for a period not exceeding five years. The prohibition is absolute in respect to the limit of the time. That restriction was capable of being, and was made, definite and certain, and a lease for a longer time than five years would be *ultra vires*.

The requirement that the rent, whether reserved to or agreed to be paid by the city, should be reasonable, was not capable of being made definite and certain. The legislature could not limit the rent by naming an amount either as the maximum of rent which the common council might pay

upon a hiring or the minimum which they should reserve upon a letting of lands or franchises.

The legislature did not undertake to and has not prescribed any rule by which the just or reasonable rent might be ascertained, neither have they created a tribunal by which the question may be conclusively determined. This qualification of the power was not from its nature capable of being made so definite and certain as to be applied, and have effect as an absolute limitation. It was intended as, and could be but little more than, cautionary or directory to the common council, and the provision must be so construed as to have a practical effect. It would seriously embarrass the letting of the property and franchises of the city or the hiring of premises by the city if the validity of every lease or contract of hiring was liable to be invalidated by the fact that a jury or any other tribunal who might thereafter and at any time during the lease or after its expiration sit in judgment upon it, should think the rent not " reasonable," or if the validity of the lease was dependent upon a judicial determination that the rent was " reasonable." The validity of the lease could not remain in abeyance until the determination of this question by some tribunal whose decision would be final, and this could not have been intended by the legislature.

The common council have an absolute discretion in determining what lands and premises of the city shall be leased, and for what terms within the five years ; they have this same discretion in determining with reference to the necessities of the city, the character and location of buildings or other property to be rented by the city and the terms of the hiring within the prescribed limit, and by necessity they are to exercise their judgment and discretion in agreeing upon and determining the rent to be paid or received. The statute has not provided any other tribunal for ascertaining and fixing the proper rent, and hence that is to be fixed by the body to which is entrusted the power of determining the propriety of leasing and of making the lease. If the act of the common council in agreeing upon the rent is of no force except as

their judgment should be approved and their act ratified by judicial action, and the result of a disaffirmance or disapproval is to annul the lease, the city would be unable either to let their own lands or hire the lands of others.

The legislature could not have intended that mere error in judgment of the common council or a difference in opinion as to the rental value of the premises should alone invalidate the lease as *ultra vires.* The action of the common council or the body to which is committed by necessary implication the power of agreeing upon the rent and determining what is a reasonable rent, must be final unless impeached for fraud.

If the common council have honestly and in good faith exercised their judgment, the city is bound by the lease, although the rent agreed upon might not by courts and juries be regarded as " reasonable."

When there is no fixed standard of value there would necessarily be a diversity of opinion as to the reasonable rent for demised premises, and what is reasonable depends upon circumstances. Rent like other values may fluctuate and depend very much on extrinsic circumstances, and the wants and necessities of the party.

Like every other contract by municipal bodies leases may be attacked and overthrown for fraud or collusion, but they are not *ultra vires* and therefore void by reason of an error of judgment. Still less should the fact that a jury or other tribunal not designated by the legislature for passing upon the question, may come to the conclusion upon the evidence of experts and others, that the rent is not reasonable, invalidate the lease as *ultra vires.*

Perhaps the error may be so gross, and the rent agreed to be paid so exorbitant as of itself to be evidence of an entire disregard of the statute and of fraud. There was no proposition to prove either fraud or that the rent was not supposed and believed to be " reasonable " by the common council.

If the rent was, in fact, excessive, the objection might with more propriety have been taken in answer to the application for a mandamus to compel the execution of the leases.

The defence now set up to the demand for rent under the leases, seems to be an afterthought. The leases having been executed by the city, and the rent having been adjudged reasonable by the common council, whose province it was to determine that question, no fraud being alleged, and the city having had the benefit of the leases, and the use of the demised premises, there is no defence in law or in equity to the actions.

The judgments must be affirmed.

All concur; ANDREWS J., absent.

Judgments affirmed.